UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ORTHO-MCNEIL PHARMACEUTICAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 1343 |
| v. | ) ) | Judge Wayne R. Andersen |
| MYLAN PHARMACEUTICALS INC. and ALPHAPHARM, | ) ) ) ) | Magistrate Judge Martin C. Ashman |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIM

Defendants Mylan Pharmaceuticals Inc. ("MPI") and Alphapharm Pty. Ltd. ("Alphapharm"), for their answer to the Complaint, aver as follows:

1. Plaintiff Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil") is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 1000 U.S. Route 202, Raritan, New Jersey 08869.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1.

2. Upon information and belief, Defendant Mylan Pharmaceuticals Inc. ("MPI") is a West Virginia corporation with its principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

**ANSWER**: Defendants admit the averments of paragraph 2.

3. Upon information and belief, Alphapharm is an Australian corporation with its principal place of business at Chase Building 2, Wentworth Park Road, Glebe NSW 2037.

**ANSWER**: Defendants admit the averments of paragraph 3.

4. This action for patent infringement arises under 35 U.S.C. § 100 *et seq.* generally, and 35 U.S.C. § 271(e)(2) specifically.

**ANSWER**: Defendants admit the averments of paragraph 4.

5. This court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER**:  Defendants admit the averments of paragraph 5.

6.     MPI is subject to personal jurisdiction in this district because MPI does business in the State of Illinois. The Northern District of Illinois ruled that MPI is subject to personal jurisdiction in this district in *Abbott Laboratories v. Mylan Pharmaceuticals, Inc*., No. 05 C 6561, 2006 WL 850916 (N.D. Ill. March 28, 2006).

**ANSWER**:  Defendants admit only that on March 28, 2006, United States District Judge Virginia M. Kendall ruled in *Abbott Labs. v. Mylan Pharms. Inc.*, No. 05 C 6561, that MPI was subject to personal jurisdiction in this district, which opinion speaks for itself.  Defendants deny the remaining averments of paragraph 6.

7.     Alphapharm has designated MPI as Alphapharm's authorized agent, thereby consenting to personal jurisdiction for this matter where its authorized agent, MPI, is subject to personal jurisdiction.  MPI is subject to personal jurisdiction in this district as stated in Paragraph 6, which is incorporated herein, and therefore Alphapharm is subject to personal jurisdiction in this district.

**ANSWER**:  Defendants deny the averments of paragraph 7.

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and (d) and 1400 because Alphapharm is an alien, because Alphapharm has designated MPI as its authorized agent, and because MPI and consequently Alphapharm are subject to personal jurisdiction in this judicial district.

**ANSWER**:  Defendants deny the averments of paragraph 8.

## GENERAL ALLEGATIONS

9.     On August 1, 2006, the United States Patent and Trademark Office ("USPTO") granted Reissue Patent No. RE39,221 ("the RE221 Patent"). A true and correct copy of the RE221 Patent is attached as Exhibit A.

**ANSWER**:  Defendants admit the averments of paragraph 9.

10.    Ortho-McNeil is the current assignee of the RE221 Patent.

**ANSWER**:  Defendants admit that Reissue Patent No. US RE39,221 ("the RE221 patent") identifies Ortho-McNeil Pharmaceutical, Inc. as the assignee.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 10.

11.     Ortho-McNeil owns all rights, title, and interest in the RE221 Patent.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11.

12.     Ortho-McNeil markets the drug covered by New Drug Application ("NDA") No. 21-123 under the tradename Ultracet®, the active ingredients of which are tramadol hydrochloride and acetaminophen (hereinafter, "Ultracet®" or "the Ultracet® drug product").

**ANSWER**: Defendants admit that New Drug Application No. 21-123 is for a drug product with the tradename Ultracet,® the active ingredients of which are tramadol hydrochloride and acetaminophen. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 12.

13.     On information and belief, Alphapharm is an Australian company that manufactures generic pharmaceuticals in Australia.

**ANSWER**: Defendants admit the averments of paragraph 13.

14.     On information and belief, prior to October 2, 2007, Alphapharm was a subsidiary of Merck Generics Group B.V.

**ANSWER**: Defendants admit the averments of paragraph 14.

15.     On information and belief, as of October 2, 2007, Merck Generics Group B.V. was acquired by Mylan Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania, and as a consequence of that acquisition Alphapharm became a subsidiary of Mylan Inc.

**ANSWER**: Defendants admit the averments of paragraph 15.

16.     On information and belief, Alphapharm initially filed Abbreviated New Drug Application ("ANDA") No. 77-858 with the Food and Drug Administration ("FDA") including a certification under § 505(j)(2)(A)(vii)(III) of the Federal Food Drug and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(b)(2)(A)(iii)) ("the Paragraph III Certification"), stating the date upon which the RE221 Patent would expire, such that the ANDA would not be approved until that date.

**ANSWER**: Defendants admit the averments of paragraph 16.

17.     On information and belief, at some point following its original filing, Alphapharm amended the Paragraph III Certification in ANDA No. 77-858 to a certification under § 505(j)(2)(A)(vii)(IV) of the FDCA (codified at 21 U.S.C. § 355(b)(2)(A)(iv)) ("the Paragraph IV certification") asserting that the RE221 Patent is invalid or will not be infringed

-3-

and seeking approval to engage in the commercial manufacture, use, sale, or offer for sale of a pharmaceutical composition containing tramadol hydrochloride and acetaminophen at a dosage ratio of 325 mg/37.5 mg in oral tablets prior to the expiration of the RE221 Patent.

**ANSWER**: Defendants admit the averments of paragraph 17.

18.     On information and belief, Alphapharm, through its authorized agent MPI, notified Ortho-McNeil of this certification via a letter bearing the date February 25, 2008 ("Paragraph IV notice").

**ANSWER**: Defendants admit the averments of paragraph 18.

19.     According to the letter bearing the date February 25, 2008, Alphapharm asserts that its tramadol hydrochloride/acetaminophen product would not infringe claims 6, 21, or 55-66 of the RE221 Patent. The letter bearing the date February 25, 2008 does not contest infringement of the other 49 claims of the RE221 Patent by Alphapharm's product as detailed in ANDA No. 77-858.

**ANSWER**: Defendants admit that by a letter bearing the date February 25, 2008,

Alphapharm asserted, *inter alia*, that the manufacture, use or sale of its Acetaminophen/

Tramadol Hydrochloride, 325mg/37.5mg Oral Tablets would not infringe claims 6, 21, or 55-66,

as well as other claims, of the RE221 patent.  Defendants deny the remaining averments of

paragraph 19.

20.     On information and belief, MPI is also a subsidiary of Mylan Inc.

**ANSWER**: Defendants admit the averments of paragraph 20.

21.     On information and belief, MPI is a U.S.-based generic pharmaceutical manufacturer with production facilities in three states and Puerto Rico.

**ANSWER**: Defendants admit the averments of paragraph 21.

22.     On information and belief, MPI also distributes generic pharmaceuticals that are manufactured by other subsidiaries of Mylan Inc.

**ANSWER**: Defendants admit the averments of paragraph 22.

## COUNT I

### (Infringement of the RE221 Patent against Defendant Alphapharm)

23.     Ortho-McNeil incorporates and realleges Paragraphs 1 through 22 above, as if set forth in full herein.

**ANSWER**: In response to paragraph 23, defendants incorporate paragraphs 1 to 22 above.

24. Because Alphapharm seeks approval of ANDA No. 77-858, and, on information and belief, with such approval seeks to engage in the manufacture, use, offer for sale, import, or sale of the pharmaceutical composition and its method of use claimed by the RE221 Patent before the patent's expiration, Alphapharm has infringed one or more claims of the RE221 Patent pursuant to 35 U.S.C. § 271(e)(2)(A), entitling Ortho-McNeil to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for Alphapharm's ANDA be a date which is not earlier than the expiration date of the RE221 Patent, a date which is currently September 6, 2011.

**ANSWER**: Defendants deny the averments of paragraph 24.

## COUNT II

### (Infringement of the RE221 Patent against Defendant MPI)

25. Ortho-McNeil incorporates and realleges Paragraphs 1 through 24 above, as if set forth in full herein.

**ANSWER**: In response to paragraph 25, defendants incorporate paragraphs 1 to 24 above.

26. MPI has acted as Alphapharm's authorized agent with respect to ANDA No. 77-858, and on information and belief, MPI is Alphapharm's sister subsidiary of Mylan Inc., MPI is a generic drug manufacturer in the United States with the capability to manufacture, use, offer for sale, import, and/or sell the tramadol hydrochloride and acetaminophen product covered by ANDA No. 77-858, and if ANDA No. 77-858 is approved MPI is likely to manufacture, use, offer for sale, import, and/or sell the tramadol hydrochloride and acetaminophen product covered by ANDA No. 77-858 under an arrangement with Alphapharm. MPI has therefore infringed one or more claims of the RE221 Patent pursuant to 35 U.S.C. § 271(e)(2)(A), entitling OrthoMcNeil to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for Alphapharm's ANDA be a date which is not earlier than the expiration date of the RE221 Patent, a date which is currently September 6, 2011.

**ANSWER**: Defendants admit that MPI has acted as an authorized U.S. agent of Alphapharm for certain limited purposes related to ANDA No. 77-858, and that both MPI and Alphapharm are subsidiaries of Mylan Inc. Defendants deny the remaining averments of paragraph 26.

## COUNT III

### (Induced Infringement of the RE221 Patent against Defendant MPI)

27.     Ortho-McNeil incorporates and realleges Paragraphs 1 through 24 above, as if set forth in full herein.

**ANSWER**: In response to paragraph 27, defendants incorporate paragraphs 1 to 24 above.

28.     MPI has acted as Alphapharm's authorized agent with respect to ANDA No. 77-858 and, on information and belief, has aided and abetted at least the amendment of ANDA No. 77-858 to contain a Paragraph IV certification, MPI is Alphapharm's sister subsidiary of Mylan Inc., MPI is a generic drug manufacturer in the United States with the capability to manufacture, use, offer for sale, import, and/or sell the tramadol hydrochloride and acetaminophen product covered by ANDA No. 77-858, and if ANDA No. 77-858 is approved MPI is likely to manufacture, use, offer for sale, import, and/or sell the tramadol hydrochloride and acetaminophen product covered by ANDA No. 77-858 under an arrangement with Alphapharm.

**ANSWER**: Defendants admit that MPI has acted as an authorized U.S. agent of Alphapharm for certain limited purposes related to ANDA No. 77-858, and that both MPI and Alphapharm are subsidiaries of Mylan Inc. Defendants deny the remaining averments of paragraph 28.

29.     Upon information and belief, MPI knew that Alphapharm's ANDA No. 77-858 and the product covered by that ANDA would infringe the RE221 Patent, MPI knowingly induced Alphapharm's infringement of the RE221 Patent, and MPI specifically intended to encourage Alphapharm's infringement of the RE22 1 Patent.

**ANSWER**: Defendants deny the averments of paragraph 29.

30.     MPI has therefore aided and abetted in and intentionally induced Alphapharm's infringement of one or more claims of the RE221 Patent pursuant to 35 U.S.C. § 271(e)(2)(A), entitling Ortho-McNeil to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for Alphapharm's ANDA be a date which is not earlier than the expiration date of the RE221 Patent, a date which is currently September 6, 2011.

**ANSWER**: Defendants deny the averments of paragraph 30.

## DEFENSES

### First Defense

31. The claims of the RE221 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### Second Defense

32. The RE221 patent is unenforceable due to inequitable conduct committed during prosecution of the applications that resulted in the RE221 patent and/or U.S. Patent No. 5,336,691 ("the '691 patent"), as further described in paragraphs 47 to 62, incorporated herein by reference.

### Third Defense

33. Defendants have not directly or indirectly infringed the RE221 patent.

### Fourth Defense

34. By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that resulted in the RE221 patent and/or the '691 patent, and by reason of the admissions and representations made therein by or on behalf of the applicants for the RE221 patent and/or the '691 patent, the owner of the RE221 patent is estopped from construing claims of the RE221 patent to cover or include acts by or products of defendants.

### Fifth Defense

35. Plaintiff is collaterally estopped from asserting claims 6, 15, and 23 of the RE221 patent based on the adjudication of noninfringement in *Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*, Case No. 2:02-cv-05707 (D.N.J.); *Ortho-McNeil Pharm., Inc. v. Caraco Pharm. Labs., Ltd.*,

Case No. 2:04-cv-73698 (E.D. Mich.); and *Ortho-McNeil Pharm., Inc. v. Caraco Pharm. Labs., Ltd.*, Case No. 2006-1102 (Fed. Cir.).

### Sixth Defense

36.     Plaintiff is collaterally estopped from asserting claim 6 of the RE221 patent based on the adjudication of invalidity in *Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*, Case No. 2:02-cv-05707 (D.N.J.).

### Seventh Defense

37.     Plaintiff is collaterally estopped from adopting claim constructions for the RE221 patent contrary to those adopted in *Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*, Case No. 2:02-cv-05707 (D.N.J.); *Ortho-McNeil Pharm., Inc. v. Caraco Pharm. Labs., Ltd.*, Case No. 2:04-cv-73698 (E.D. Mich.); and *Ortho-McNeil Pharm., Inc. v. Caraco Pharm. Labs., Ltd.*, Case No. 2006-1102 (Fed. Cir.).

### Eighth Defense

38.     Plaintiff would be collaterally estopped from asserting claims of the RE221 patent by a final adjudication of invalidity or unenforceability in *Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc. et al.*, Case No. 2:06-cv-03533 (D.N.J.); *Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*, Case No. 2:02-cv-05707 (D.N.J.); *Ortho McNeil Pharm., Inc. v. Teva Pharm. Indus., Ltd. et al.*, Case No. 2:04-cv-00886 (D.N.J.); and/or *Ortho-McNeil Pharm., Inc. v. Apotex, Inc.*, Case No. 1:07-cv-04050 (N.D. Ill.).

### Ninth Defense

39.     The doctrine of absolute intervening rights bars relief with respect to things made, purchased, offered for sale, or used within the United States, or imported into the United States, prior to August 1, 2006.

### Tenth Defense

40. The doctrine of equitable intervening rights bars relief with respect to the continued manufacture, use, offer for sale, or sale of things made, purchased, offered for sale, used, or imported, or the manufacture, use, offer for sale, or sale in the United States for which substantial preparation was made, prior to August 1, 2006, and with respect to the continued practice of any patented process that was practiced, or the practice for which substantial preparation was made, prior to August 1, 2006.

### Eleventh Defense

41. The Court lacks personal jurisdiction over defendants.

### Twelfth Defense

42. Venue in this judicial district is improper.

### Thirteenth Defense

43. Alphapharm has not been properly served with process.

### Fourteenth Defense

44. One or more counts of the Complaint should be dismissed for failure to join an indispensable party.

### Fifteenth Defense

45. One or more counts of the Complaint fails to state a claim upon which relief can be granted.

### **COUNTERCLAIM**

### (Declaratory Judgment)

For their counterclaim against the plaintiff, defendants aver as follows:

**Jurisdiction**

46. This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual and justiciable controversy between the parties. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Failure to Disclose the Tallarida Report**

47. Upon information and belief, Dr. Ronald J. Tallarida, a professor at Temple University, was retained to review and evaluate certain data set forth in Table 1 and/or Example 4 of the '691 patent. Upon information and belief, Dr. Tallarida was asked to perform a statistical analysis to determine whether there was synergistic activity at each of 10 different tramadol:acetaminophen weight ratios: 1:1, 1:3, 1:5, 1:5.7, 1:19, 1:50, 1:100, 1:200, 1:400, and 1:800. Upon information and belief, Dr. Tallarida prepared a report concerning the results of this analysis ("the Tallarida report").

48. Upon information and belief, the Tallarida report concluded that synergistic activity could not be established for at least each of the following tramadol:acetaminophen weight ratios: 1:1, 1:3, 1:5.7, 1:100, and 1:200.

49. In support of patentability, during prosecution of US. Patent Application No. 07/974,865 ("the '865 application") the applicant made representations to the U.S. Patent and Trademark Office ("Patent Office") that synergistic activity is exhibited by the combination of tramadol and acetaminophen.

50. Upon information and belief, the Tallarida report refuted, and/or was inconsistent with, the representations made by the applicant during prosecution of the '865 application and was material to patentability.

51. The Tallarida report was not disclosed to the Patent Office during prosecution of the '865 application.

52.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely provide evidentiary support that the inventors, the attorneys who prepared or prosecuted the '865 application, and/or other persons substantively involved in the preparation or prosecution of the '865 application withheld the Tallarida report with an intent to deceive the Patent Office.

## Misrepresentations About the Flick Patent

53.     During prosecution of the '865 application, the applicant made representations to the Patent Office that the prior art U.S. Patent No. 3,652,589 ("the Flick patent") does not disclose a composition comprising a tramadol material and acetaminophen in the claimed weight ratios much less any weight ratios.

54.     The representations that the Flick patent does not disclose a composition comprising a tramadol material and acetaminophen in the claimed weight ratios much less any weight ratios were made in response to an obviousness rejection and were material to patentability.

55.     The Flick patent disclosed a composition comprising a tramadol material and acetaminophen within the scope of at least claim 1 of the '691 patent as issued.

56.     The representations that the Flick patent does not disclose a composition comprising a tramadol material and acetaminophen in the claimed weight ratios much less any weight ratios were false.

57.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely provide evidentiary support that the false representations were made with an intent to deceive the Patent Office.

**Failure to Disclose FDA Information**

58.     Upon information and belief, during the course of seeking regulatory approval for Ultracet,® plaintiff and/or its representatives knew and represented to the FDA that the combination of tramadol and acetaminophen did not exhibit synergistic activity ("the FDA information"). For example, upon information and belief, plaintiff and/or its representatives stated that "there was no indication of a synergistic effect between the two components" in a document entitled "Integrated Summary of Effectiveness" dated July 30, 1999. Additionally, a reviewer for the FDA stated that "in humans the analgesic effect of the combination was additive and not synergistic."

59.     In support of patentability, during prosecution of U.S. Patent Application No. 10/761,096 ("the '096 application") the applicant continued to make representations to the Patent Office about synergistic activity of tramadol and acetaminophen.

60.     Upon information and belief, the FDA information refuted, and/or was inconsistent with, the representations made by the applicant during prosecution of the '096 application and was material to patentability.

61.     The applicant failed to identify the FDA information to the patent examiner during prosecution of the '096 application.

62.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely provide evidentiary support that the inventors, the attorneys who prepared or prosecuted the '096 application, and/or other persons substantively involved in the preparation or prosecution of the '096 application failed to identify the FDA information to the patent examiner with an intent to deceive the Patent Office.

## Claim for Relief

63.Plaintiff brought an action against defendants for infringement of the RE221 patent, based on the submission of ANDA No. 77-858.

64.The claims of the RE221 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

65.The RE221 patent is unenforceable due to inequitable conduct committed during prosecution of the applications that resulted in the RE221 patent and/or the '691 patent, as further described in paragraphs 47 to 62, incorporated herein by reference.

66.Defendants have not directly or indirectly infringed the RE221 patent.

67.The manufacture, use, offer for sale, sale, or importation of the drug product that is the subject of ANDA No. 77-858 would not infringe any valid claims of the RE221 patent.

68.An actual and justiciable controversy exists between the parties with respect to validity, enforceability, and infringement of the RE221 patent. Defendants are entitled to a declaratory judgment that the RE221 patent is invalid, unenforceable, and not infringed.

## **PRAYER FOR RELIEF**

WHEREFORE, defendants pray for a judgment that:

A. Dismisses the Complaint with prejudice;

B. Declares that the claims of the RE221 patent are invalid;

C. Declares that the RE221 patent is unenforceable;

D. Declares that defendants have not infringed the RE221 patent;

E. Declares that the manufacture, use, offer for sale, sale, or importation of the drug product that is the subject of ANDA No. 77-858 would not infringe any valid claims of the RE221 patent;

F. Awards defendants their costs and attorneys' fees; and

G. Awards defendants such other and further relief as the Court may deem proper.


Dated: April 8, 2008                         Respectfully submitted,

                                             MYLAN PHARMACEUTICALS INC.
                                             and ALPHAPHARM PTY. LTD.

                                             By:   /s/ Steven P. Mandell
                                                 *Counsel for Defendants Mylan Pharmaceuticals
                                                 Inc. and Alphapharm Pty. Ltd.*

Steven P. Mandell
Kristin L. Lingren
Mandell Menkes LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
Telephone: (312) 251-1000

Ron E. Shulman
Terry Kearney
Roger J. Chin
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300