IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ORTHO-MCNEIL PHARMACEUTICAL, INC., | |
| Plaintiff, | No. 08 C 1343 |
| v. | Judge Rebecca R. Pallmeyer |
| MYLAN PHARMACEUTICALS INC. and ALPHAPHARM, | Magistrate Judge Ashman |
| Defendants. | |

**ORTHO-MCNEIL PHARMACEUTICAL, INC.'S
REPLY TO MYLAN PHARMACEUTICALS INC.'S
AND ALPHAPHARM PTY. LTD.'S COUNTERCLAIM**

Plaintiff Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil"), as its Reply to the Counterclaim filed by Defendants Mylan Pharmaceuticals Inc. and Alphapharm Pty. Ltd. (collectively, "Defendants"), hereby states as follows:

**Jurisdiction**

46.     This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual and justiciable controversy between the parties. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**     Upon information and belief, Ortho-McNeil admits Defendants have pleaded a counterclaim for declaratory judgment, that this Court has subject matter jurisdiction, and that a justiciable controversy exists between Defendants and Ortho-McNeil pursuant to 28 U.S.C. § 2201. Ortho-McNeil further states that this Court has personal jurisdiction over the Defendants but, to the extent Defendants argue otherwise, any such arguments would be applicable to both Ortho-McNeil's Complaint and Defendants' Counterclaims.

**Failure to Disclose the Tallarida Report**

47.     Upon information and belief, Dr. Ronald J. Tallarida, a professor at Temple

University, was retained to review and evaluate certain data set forth in Table 1 and/or Example 4 of the '691 patent. Upon information and belief, Dr. Tallarida was asked to perform a statistical analysis to determine whether there was synergistic activity at each of 10 different tramadol:acetaminophen weight ratios: 1:1, 1:3, 1:5, 1:5.7, 1:19, 1:50, 1:100, 1:200, 1:400, and 1:800. Upon information and belief, Dr. Tallarida prepared a report concerning the results of this analysis ("the Tallarida report").

**ANSWER:** Ortho-McNeil admits that Dr. Ronald J. Tallarida is a statistician and professor at Temple University as alleged in the first sentence of Paragraph 47 of Defendants' Counterclaim. Ortho-McNeil further admits that certain data was set forth in Table 1 and Example 4 of the '691 Patent as alleged in the first sentence of Paragraph 47 of Defendants' Counterclaim. Ortho-McNeil further admits that the results of some of the testing performed under the supervision of Dr. Robert B. Raffa, one of the named inventors, were referred to Dr. Tallarida for statistical synergy analysis. Ortho-McNeil further admits that a report was produced by Dr. Tallarida at his deposition in Civil Action No. 02-5707 (D.N.J.) that is dated May 14, 1990, and refers to that report for its full and correct contents. Ortho-McNeil denies the remaining allegations in Paragraph 47 of Defendants' Counterclaim.

48. Upon information and belief, the Tallarida report concluded that synergistic activity could not be established for at least each of the following tramadol:acetaminophen weight ratios: 1:1, 1:3, 1:5.7, 1:100, and 1:200.

**ANSWER:** Ortho-McNeil admits that a report was produced by Dr. Tallarida at his deposition in Civil Action No. 02-5707 (D.N.J.) that is dated May 14, 1990, and refers to that report for its full and correct contents. Ortho-McNeil denies that the allegations in Paragraph 48 of Defendants' Counterclaim properly characterize the contents of the Tallarida report, and further denies any remaining allegations in Paragraph 48 of Defendants' Counterclaim.

49. In support of patentability, during prosecution of U.S. Patent Application No. 07/974,865 ("the '865 application") the applicant made representations to the U.S. Patent and Trademark Office ("Patent Office") that synergistic activity is exhibited by the combination of tramadol and acetaminophen.

**ANSWER:** Ortho-McNeil admits that in an amendment dated September 8, 1993, attorneys for Ortho-McNeil stated in pertinent part, "The reason for this [lack of obviousness] is that within the claimed weight ratio more than additive analgesic activity is exhibited by the composition. Unexpectedly, synergistic activity is exhibited and is statistically shown and proven in Example 4." To the extent that Defendants make additional allegations in Paragraph 49 of Defendants' Counterclaim, Ortho-McNeil denies the remaining allegations of Paragraph 49 of Defendants' Counterclaim and refers the Court to the full text of the prosecution history of the '691 patent, which speaks for itself.

50. Upon information and belief, the Tallarida report refuted, and/or was inconsistent with, the representations made by the applicant during prosecution of the '865 application and was material to patentability.

**ANSWER:** Ortho-McNeil denies the allegations of Paragraph 50 of Defendants' Counterclaim.

51. The Tallarida report was not disclosed to the Patent Office during prosecution of the '865 application.

**ANSWER:** Ortho-McNeil admits that the Tallarida report was not disclosed to the Patent Office during the prosecution of the '865 application, but denies any implication that Ortho-McNeil was under any obligation to disclose it at that time. Ortho-McNeil further admits that the Tallarida Report was disclosed to the Patent Office during the prosecution of the U.S. Patent Application No. 10/761,096 ("the '096 application"). To the extent that Defendants make additional allegations in Paragraph 51 of Defendants' Counterclaim, Ortho-McNeil denies the remaining allegations of Paragraph 51 of Defendants' Counterclaim.

52. Upon information and belief, a reasonable opportunity for further investigation or discovery will likely provide evidentiary support that the inventors, the attorneys who prepared or prosecuted the '865 application, and/or other persons substantively involved in the preparation or prosecution of the '865 application withheld the Tallarida report with an intent to deceive the Patent Office.

**ANSWER:** Ortho-McNeil denies the allegations of Paragraph 52 of Defendants' Counterclaim.

### Misrepresentations About the Flick Patent

53.  During prosecution of the '865 application, the applicant made representations to the Patent Office that the prior art U.S. Patent No. 3,652,589 ("the Flick patent") does not disclose a composition comprising a tramadol material and acetaminophen in the claimed weight ratios much less any weight ratios.

**ANSWER:** Ortho-McNeil admits that in response to an Office Action dated April 8, 1993, Ortho-McNeil filed an Amendment on September 8, 1993, that states in pertinent part, "Flick, et al. [sic] [the '589 patent] does not disclose a composition comprising a tramadol material and acetaminophen in the claimed weight ratios much less any weight ratios" and refers the Court to the full text of the Amendment, which speaks for itself.  To the extent that Defendants make additional allegations in Paragraph 53 of Defendants' Counterclaim, Ortho-McNeil denies the remaining allegations of Paragraph 53 of Defendants' Counterclaim.

54.  The representations that the Flick patent does not disclose a composition comprising a tramadol material and acetaminophen in the claimed weight ratios much less any weight ratios were made in response to an obviousness rejection and were material to patentability.

**ANSWER:** Ortho-McNeil admits that in response to an Office Action dated April 8, 1993, Ortho-McNeil filed an Amendment on September 8, 1993, that states in pertinent part, "Flick, et al. [sic] [the '589 patent] does not disclose a composition comprising a tramadol material and acetaminophen in the claimed weight ratios much less any weight ratios" and refers the Court to the full text of the Amendment, which speaks for itself.  To the extent that Defendants make additional allegations in Paragraph 54 of Defendants' Counterclaim, Ortho-McNeil denies the remaining allegations of Paragraph 54 of Defendants' Counterclaim.

55.  The Flick patent disclosed a composition comprising a tramadol material and acetaminophen within the scope of at least claim 1 of the '691 patent as issued.

**ANSWER:** Ortho-McNeil admits that on or about January 20, 2004, Ortho-McNeil submitted a reissue application of the '691 patent to the Patent Office, which states in pertinent part, "On information and belief, an error upon which this reissue application is based is that it was not appreciated by the inventors and the attorney prosecuting the underlying patent application, that a composition within the scope of at least claim 1 as issued appears to have been disclosed in at least prior art U.S. Patent No. 3,652,589 (*see, e.g.,* col. 12)," and refers the Court to the text of the reissue application for its full and correct contents, which speak for itself. To the extent that Defendants make additional allegations in Paragraph 55 of Defendants' Counterclaim, Ortho-McNeil denies the remaining allegations of Paragraph 55 of Defendants' Counterclaim.

56. The representations that the Flick patent does not disclose a composition comprising a tramadol material and acetaminophen in the claimed weight ratios much less any weight ratios were false.

**ANSWER:** Ortho-McNeil admits that in response to an Office Action dated April 8, 1993, Ortho-McNeil filed an Amendment on September 8, 1993, that states in pertinent part, "Flick, et al. [sic] [the '589 patent] does not disclose a composition comprising a tramadol material and acetaminophen in the claimed weight ratios much less any weight ratios" and refers the Court to the full text of the Amendment, which speaks for itself. To the extent that Defendants make additional allegations in Paragraph 56 of Defendants' Counterclaim, Ortho-McNeil denies the remaining allegations of Paragraph 56 of Defendants' Counterclaim.

57. Upon information and belief, a reasonable opportunity for further investigation or discovery will likely provide evidentiary support that the false representations were made with an intent to deceive the Patent Office.

**ANSWER:** Ortho-McNeil denies the allegations of Paragraph 57 of Defendants' Counterclaim.

### Failure to Disclose FDA Information

58. Upon information and belief, during the course of seeking regulatory approval for

Ultracet,® plaintiff and/or its representatives knew and represented to the FDA that the combination of tramadol and acetaminophen did not exhibit synergistic activity ("the FDA information"). For example, upon information and belief, plaintiff and/or its representatives stated that "there was no indication of a synergistic effect between the two components" in a document entitled "Integrated Summary of Effectiveness" dated July 30, 1999. Additionally, a reviewer for the FDA stated that "in humans the analgesic effect of the combination was additive and not synergistic."

**ANSWER:** Ortho-McNeil admits that a document titled the "Integrated Summary of Effectiveness" ("ISE") dated July 30, 1999, was prepared for submission in the Ultracet® New Drug Application to the FDA. Ortho-McNeil further admits that the ISE contains that quote in the second sentence of Paragraph 58 of Defendants' Counterclaims, but denies that the quotation in isolation properly characterizes the ISE as a whole and refers the Court to the document in its entirety, which speaks for itself. Ortho-McNeil further admits that on June 7, 2000 an FDA reviewer signed a document titled "Clinical Pharmacology/Biopharmaceutics Review" in New Drug Application 21-123 that contains the quote in the third sentence of Paragraph 58 of Defendants' Counterclaims, but denies that the quotation in isolation properly characterizes the FDA's conclusions and refers the Court to the "Clinical Pharmacology/Biopharmaceutics Review" and New Drug Application 21-123 in their entireties, which speaks for themselves. Ortho-McNeil further denies the remaining allegations in Paragraph 58 of Defendants' Counterclaim.

59. In support of patentability, during prosecution of U.S. Patent Application No. 10/761,096 ("the '096 application") the applicant continued to make representations to the Patent Office about synergistic activity of tramadol and acetaminophen.

**ANSWER:** Ortho-McNeil admits that it continues to assert that synergy between tramadol and acetaminophen supports the patentability of the claims of the '691 and the RE221 patent. To the extent that Defendants make any additional allegations in Paragraph 59, Ortho-McNeil denies the remaining allegations in Paragraph 59 of Defendants' Counterclaim.

60. Upon information and belief, the FDA information refuted, and/or was

6

inconsistent with, the representations made by the applicant during prosecution of the '096 application and was material to patentability.

**ANSWER:** Ortho-McNeil denies the allegations in Paragraph 60 of Defendants' Counterclaim, and further states that Ortho-McNeil submitted the ISE and the Clinical Pharmacology and Biopharmaceutics Review, as well as the Defenses and Counterclaims from Civil Action No. 02-5707 (D.N.J.), raising similar allegations, to the Patent Office during the prosecution of the '096 application.

61.    The applicant failed to identify the FDA information to the patent examiner during prosecution of the '096 application.

**ANSWER:** Ortho-McNeil denies the allegations in Paragraph 61 of Defendants' Counterclaim, and further states that Ortho-McNeil submitted the ISE and the Clinical Pharmacology and Biopharmaceutics Review, as well as the Defenses and Counterclaims from Civil Action No. 02-5707 (D.N.J.), raising similar allegations, to the Patent Office during the prosecution of the '096 application.

62.    Upon information and belief, a reasonable opportunity for further investigation or discovery will likely provide evidentiary support that the inventors, the attorneys who prepared or prosecuted the '096 application, and/or other persons substantively involved in the preparation or prosecution of the '096 application failed to identify the FDA information to the patent examiner with an intent to deceive the Patent Office.

**ANSWER:** Ortho-McNeil denies the allegations in Paragraph 62 of Defendants' Counterclaim, and further states that Ortho-McNeil submitted the ISE and the Clinical Pharmacology and Biopharmaceutics Review, as well as the Defenses and Counterclaims from Civil Action No. 02-5707 (D.N.J.), raising similar allegations, to the Patent Office during prosecution of the '096 application.

### Claim for Relief

63.    Plaintiff brought an action against defendants for infringement of the RE221 patent, based on the submission of ANDA No. 77-858.

**ANSWER:** Ortho-McNeil admits the allegations in Paragraph 63 of Defendants' Counterclaim.

64. The claims of the RE221 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

**ANSWER:** Ortho-McNeil denies the allegations in Paragraph 64 of Defendants' Counterclaim.

65. The RE221 patent is unenforceable due to inequitable conduct committed during prosecution of the applications that resulted in the RE221 patent and/or the '691 patent, as further described in paragraphs 47 to 62, incorporated herein by reference.

**ANSWER:** Ortho-McNeil denies the allegations in Paragraph 65 of Defendants' Counterclaim and incorporates herein by reference its answers to Paragraphs 47 to 62 of Defendants' Counterclaim.

66. Defendants have not directly or indirectly infringed the RE221 patent.

**ANSWER:** Ortho-McNeil denies the allegations in Paragraph 66 of Defendants' Counterclaim.

67. The manufacture, use, offer for sale, sale, or importation of the drug product that is the subject of ANDA No. 77-858 would not infringe any valid claims of the RE221 patent.

**ANSWER:** Ortho-McNeil denies the allegations in Paragraph 67 of Defendants' Counterclaim.

68. An actual and justiciable controversy exists between the parties with respect to validity, enforceability, and infringement of the RE221 patent. Defendants are entitled to a declaratory judgment that the RE221 patent is invalid, unenforceable, and not infringed.

**ANSWER:** Ortho-McNeil admits the allegations in the first sentence of Paragraph 68 of Defendants' Counterclaim. Ortho-McNeil denies the allegations in the second sentence of Paragraph 68 of Defendants' Counterclaim.

**WHEREFORE,** Ortho-McNeil respectfully requests that the Court (i) dismiss the counterclaims of Defendants Mylan Pharmaceuticals, Inc. and Alphapharm Pty. Ltd. in their entirety with prejudice; (ii) deny the prayers for relief A-G inclusive of Defendants Mylan Pharmaceuticals, Inc. and Alphapharm Pty. Ltd.; and (iii) provide such further relief as the Court deems appropriate upon the presentation of evidence and full development of the record.

Dated:  April 28, 2008

        Respectfully Submitted,

        s/ Linda R. Friedlieb

        David T. Pritikin
        Lisa A. Schneider
        Linda R. Friedlieb
        Sidley Austin LLP
        One South Dearborn Street
        Chicago, Illinois  60603
        Phone:  (312) 853-7000
        Facsimile:  (312) 853-7036

        Jeffrey P. Kushan
        David A. Steffes
        Sidley Austin LLP
        1501 K Street NW
        Washington DC  20005
        Phone:  (202) 736-8000
        Facsimile:  (202) 736-8711

        Michael D. Hatcher
        Sidley Austin LLP
        717 North Harwood
        Dallas, Texas  75201
        Phone:  (214) 981-3300
        Facsimile:  (214) 981-3400

        Attorneys for Plaintiff
        Ortho-McNeil Pharmaceutical, Inc.

CH1 4237004v.1